**IN THE COUNTY COURT OF THE 1ST JUDICIAL CIRCUIT
IN AND FOR WALTON COUNTY, FLORIDA**

Case No.

BRIAN BURNETT,

**Plaintiff,**

**v.**

**JURY TRIAL DEMANDED**

LVNV FUNDING LLC,

**Defendant.**

_______________________________________/

**COMPLAINT**

Plaintiff Brian Burnett ("Plaintiff") sues Defendant LVNV Funding LLC ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2. This Court has personal jurisdiction over Defendant because Defendant are operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Walton County, Florida.

3. The amount in controversy is greater than $8,000 but not to exceed $15,000.00 exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Walton County, Florida.



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Walton County, Florida.

6. Defendant is a Delaware limited liability company, with its principal place of business located in Greenville, South Carolina.

## DEMAND FOR JURY TRIAL

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

9. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt and Plaintiff (the "Subject Service").

10. The Subject Service was allegedly primarily for personal, family, or household purposes.

11. According to Defendant's website, Defendant is the debt owner of debts that have been charged off.

12. A print-out of Defendant's website is attached hereto as Exhibit "A."

13. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

14. Defendant is a business entity engaged in the business of collecting consumer debts.

15. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

16. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

17. Defendant "Consumer Collection Agency" license number is CCA9902540.

18. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

19. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

20. For example, Defendant does maintain and keep updated within seven (7) days the records required by, *inter alia*, Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

21. Further, Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

22. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6).

23. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

24. On July 13, 2022, Defendant filed a lawsuit against Plaintiff attempting to collect on the Consumer Debt. *See* Walton County Court Case Number 662022SC000355SCAXMX.

25. On August 16, 2022, Plaintiff and Defendant entered into a Stipulation for Installment Settlement whereby Plaintiff would pay Defendant a total of $3,318.72 in monthly installment payments of $200 until the amount was paid in full.

26. Attached as Exhibit "B" is a copy of the Stipulation for Installment Settlement.

27. Plaintiff made his monthly installment payments in accordance with the terms of the Stipulation for Installment Settlement.

28. Nevertheless, on November 20, 2023, Defendant filed a Motion for Entry of Final Judgment against Plaintiff alleging that Plaintiff failed to comply with the terms of the Stipulation for Installment Settlement because Plaintiff did not make any payments. Defendant alleged that the remaining outstanding balance due was $3,458.72.

29. Attached as Exhibit "C" is the Motion for Entry of Final Judgment.

30. Defendant's filing of the Motion for Entry of Final Judgment was an attempt to collect the Consumer Debt in an amount that was not owed because Plaintiff had been making payments in accordance with the Stipulation for Installment Settlement.

31. Thus, Defendant improperly attempted to collect on the Consumer Debt from November 20, 2023, until at least March 15, 2024, when Defendant filed a Dismissal without Prejudice.

32. Defendant's improper attempt to collect the Consumer Debt caused Plaintiff to suffer mental anguish, emotional distress, embarrassment and shame, loss of enjoyment of life, depression, anxiety, loss of appetite and energy, sleep disturbance and loss of sleep, loss of concentration, and fear of potential legal action.

33. Defendant's improper attempt to collect the Consumer Debt misled and influenced Plaintiff to his detriment because, Plaintiff, the least sophisticated consumer, reasonably believed that he may have owed the full Consumer Debt when he had already made payments in accordance with the Stipulation for Installment Settlement.

34. The wasted time and/or money spent investigating the validity of Defendant's actions and in evaluating the legal ramifications of Defendant's actions was a concrete harm suffered by Plaintiff. *See Toste v. Beach Club at Fontainebleau Park Condo. Ass'n,, Aventura, P.A., 2022 U.S. App. LEXIS 25076* (11th Cir. Sept. 7, 2022).



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

COUNT 1

**VIOLATION OF 15 U.S.C. § 1692e(2)(A), § 1692e(5), and § 1692e(10)**

35. Plaintiff incorporates by reference ¶¶ 1-34 of this Complaint.

36. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he false representation of the character, amount, or legal status of any debt," *see* 15 U.S.C. § 1692e(2)(A), "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," *see* 15 U.S.C. § 1692e(5), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *See* 15 U.S.C. § 1692(e)(10).

37. As set forth above, the Defendant attempted to collect the Consumer Debt from Plaintiff in an amount that Plaintiff did not owe because Plaintiff had already made payments in accordance with the Stipulation for Installment Settlement.

38. By attempting to collect the Consumer Debt in an amount that was not owed by Plaintiff, Defendant made a false representation of character, amount, or legal status of the Consumer Debt.

39. By attempting to collect the Consumer Debt in an amount that was not owed by Plaintiff, Defendant threatened to take an action that could not be legally taken.

40. By attempting to collect the Consumer Debt in an amount that was not owed by Plaintiff, Defendant used a false representation and/or deceptive means to collect the Consumer Debt.



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

41. From the filing of the Motion for Entry of Final Judgment to at least the Notice of Voluntary Dismissal, Defendant wrongfully caused Plaintiff, the least sophisticated consumer, to believe that he may have owed the Consumer Debt in an amount that he did not actually owe.

42. Accordingly, Defendant violated 15 U.S.C. § 1692e(2)(A), § 1692(e)(5), and § 1692(e)(10) through the its actions.

43. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory and actual damages as provided by 15 U.S.C. §1692k;

(b) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FDCPA;

(c) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(d) Any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## VIOLATION OF FLA. STAT. § 559.72(9)

44. Plaintiff incorporates by reference ¶¶ 1-34 of this Complaint.

45. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

46. As set forth above, the Defendant attempted to collect the Consumer Debt from Plaintiff in an amount that Plaintiff did not owe because Plaintiff had already made payments in accordance with the Stipulation for Installment Settlement.



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

47. By attempting to collect the Consumer Debt in an amount that was not owed by Plaintiff, Defendant attempted to enforce the full Consumer Debt when it knew that the debt was not legitimate and/or knew that the right to collect did not exist.

48. Accordingly, by Defendant's improper reporting of the Consumer Debt, Defendant violated FLA. STAT. § 559.72(9).

49. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(e) Statutory and actual damages as provided under Fla. Stat. § 559.77(2);

(f) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(c) Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and

(d) Any other relief that this Court deems appropriate under the circumstances.

DATED: May 22, 2024

Respectfully Submitted,

/s/ Gerald D. Lane, Jr.
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*

# Exhibit A

## Your Account Has A New Owner: LVNV Funding

You still owe your debt but the new owner is LVNV Funding. LVNV Funding outsources the management of its portfolio of accounts to a company called Resurgent Capital Services. Resurgent Capital Services is a licensed third-party debt collector specializing in the management of these types of consumer assets. Resurgent may contact you directly or may ask one of their collection agency partners to help them reach out to you.




## What's Next?

Debt can be confusing and stressful. Rest assured that LVNV Funding only works with fully licensed, reputable, trustworthy companies. Resurgent, on behalf of LVNV Funding, seeks to empower you to understand and take control of your debt.

**Please direct all inquiries to Resurgent.**

Resurgent Capital Services can assist you with any questions regarding your LVNV Funding-owned account and work with you to resolve your outstanding balance.




















# Exhibit B

IN THE County COURT IN AND FOR Walton COUNTY FLORIDA

LVNV Funding
Plaintiff

CASE NO: 2022-SC-355

Div: ______

v.

Brian Burnett
Defendant.

**STIPULATION FOR INSTALLMENT SETTLEMENT**

Plaintiff and Defendant, by their signatures below, stipulate that the Defendant is indebted to Plaintiff in the amount of $ ~~2447.22~~ 2,962.22 plus court costs in the amount of $ 356.50, for a total amount of $ 3,318.72

Defendant agrees to pay $ 200 per month starting on Sep. 30, 2022 and continuing every month thereafter until the total amount above is paid in full.

If the Defendant pays the amounts due in full and in a timely manner, the Plaintiff agrees that no judgment shall be entered against the Defendant and that additional costs, attorney fees or interest shall be waived. If the Defendant defaults on any payment (not paying when due), Plaintiff at its discretion may submit an affidavit of default to the Court and shall be entitled to a judgment for any amounts remaining due and owing without further hearing or notice.

Payments shall be made to the Plaintiff at the following address:

FILED
WALTON COUNTY FLORIDA
AUG 16 2022
ALEX ALFORD
CLERK OF COURTS
& COUNTY COMPTROLLER

Mandarich Law Group, LLP
PO Box 109032
Chicago, IL 60610
Account # 4568265

Signed this 16 day of Aug, 2022

For Plaintiff
Phone: 1-866-766-1609

Defendant
233 N. Sandpalm Rd.
Freeport FL 32439
Address and Phone

22SC355

**ORDER APPROVING AGREEMENT AND DISMISSING CASE**

**The above Agreement, having been agreed to by the parties, is hereby APPROVED/RATIFIED subject to the terms and conditions set forth therein. Furthermore, it is adjudged that this matter is DISMISSED. The court retains jurisdiction to enforce the terms and conditions of the Stipulation.**

**DONE and ORDERED in chambers, at** Walton **County, Florida this** 16th **day of** August **2022.**

[signature]
**County Court Judge**

UNOFFICIAL DOCUMENT

FILED
WALTON COUNTY FLORIDA
AUG 16 2022
ALEX ALFORD
CLERK OF COURTS
& COUNTY COMPTROLLER

# Exhibit C

MLG-4568265

IN THE COUNTY COURT OF THE FIRST JUDICIAL CIRCUIT IN AND FOR WALTON COUNTY, FLORIDA

SMALL CLAIMS DIVISION
CASE NO. 22000355SCAXMX

LVNV FUNDING LLC
Plaintiff,
vs.

BRIAN BURNETT
Defendant.
_____________________________/

## MOTION FOR ENTRY OF FINAL JUDGMENT

**COMES NOW** Plaintiff, LVNV FUNDING LLC, by and through undersigned counsel, and moves for entry of a Final Judgment against Brian Burnett, and in support hereof states;

1. Defendant has failed to comply with the terms of a written stipulation, previously adopted by this Court, a copy of which is appended hereto as Exhibit 'A'.
2. Defendant has failed to make payment when due as evidenced by Plaintiff's Affidavit of Non-Payment appended hereto as Exhibit 'B'.

UNOFFICIAL DOCUMENT

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the date of filing this document, as reflected by the e-filing stamp inserted upon it by the Clerk of Court, a true and correct copy of the foregoing has been furnished to the following persons in the manner described below:

U.S. MAIL
BRIAN BURNETT
233 N SAND PALM RD
FREEPORT FL 32439-3733

**Mandarich Law Group, LLP**

*/s/ Hunter Masin, Esq.*

**Harold E. Scherr, Esq. FBN 240486**
**Hillarey McCall, Esq. FBN 607525**
**Michelle K. Hines, Esq. FBN 85092**
**Maxxwell Tyler Hamilton, Esq. FBN 95985**
**Hunter Masin, Esq. FBN 1028137**
**Carolyn Karettis, Esq. FBN 0660876**
**Ryan Enage, Esq. FBN 1038439**

P.O. Box 952289
Lake Mary, FL 32795
Phone: 407-995-3004
Facsimile: 407-583-4964
florida@mandarichlaw.com
Attorneys for Plaintiff

UNOFFICIAL DOCUMENT


UNOFFICIAL DOCUMENT

EXHIBIT A

IN THE County COURT IN AND FOR Walton COUNTY FLORIDA

LVNV Funding
Plaintiff

CASE NO: 2022-SC-355
Div: ____________

v.

Brian Burnett
Defendant

**STIPULATION FOR INSTALLMENT SETTLEMENT**

Plaintiff and Defendant, by their signatures below, stipulate that the Defendant is indebted to Plaintiff in the amount of $ ~~[illegible]~~ 2,962.22 plus court costs in the amount of $ 356.50 for a total amount of $ 3,318.72

Defendant agrees to pay $ 200 per month starting on Sep. 30, 2022 and continuing every month thereafter until the total amount above is paid in full.

If the Defendant pays the amounts due in full and in a timely manner, the Plaintiff agrees that no judgment shall be entered against the Defendant and that additional costs, attorney fees or interest shall be waived. If the Defendant defaults on any payment (not paying when due), Plaintiff at its discretion may submit an affidavit of default to the Court and shall be entitled to a judgment for any amounts remaining due and owing without further hearing or notice.

Payments shall be made to the Plaintiff at the following address:

FILED
WALTON COUNTY FLORIDA
AUG 16 2022
ALEX ALFORD
CLERK OF COURTS
& COUNTY COMPTROLLER

Mandarich Law Group, LLP
PO Box 169032
Chicago, IL 60610
Account #: 4568245

Signed this 16 day of Aug 2022

[signature]
For Plaintiff
Phone: 1-866-766-1609

[signature]
Defendant
233 N Sandpalm Rd.
Freeport FL 32439
Address and Phone

EXHIBIT B



MLG - 4568265

IN THE COUNTY COURT OF THE FIRST JUDICIAL CIRCUIT IN AND FOR WALTON COUNTY, FLORIDA

LVNV FUNDING LLC
Plaintiff,
vs.

SMALL CLAIMS DIVISION
CASE NO. 22000355SCAXMX

BRIAN BURNETT
Defendant.
______________________________/

**AFFIDAVIT OF NON-PAYMENT**

**BEFORE ME,** the undersigned authority, personally appeared CAROLYN KARETTIS, who first being duly sworn, deposes on personal knowledge and states that:

1. I am an attorney with the firm representing the Plaintiff, and I have personal knowledge of the facts set forth herein.
2. The Defendant previously entered into a signed stipulation, identified as Exhibit A, which is attached to the Motion for Entry of Final Judgment.
3. The Defendant has defaulted, failing to make any payments as required under the terms of the stipulation.
4. Payments made to date, since execution of stipulation, total $0.00.
5. The remaining outstanding balance due pursuant to the stipulation is $3,458.72.

Further Affiant sayeth not.

**UNDER PENALTIES OF PERJURY,** I hereby swear, affirm and declare that I have read the foregoing and that the facts stated in it are true. (pursuant to F.S. 92.525).

By: /s/ Carolyn Karettis, Esq., FBN 0660876

UNOFFICIAL DOCUMENT